UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00625-TWP-MJD |
| ) | |
| MARK SEVIER, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Indiana Department of Correction (IDOC) inmate David Young commenced this 42 U.S.C. § 1983 action on February 25, 2020, and was granted leave to proceed *in forma pauperis* on May 29, 2020. Dkt. 10. The Court dismissed the original complaint and gave the plaintiff a period of time in which to "file a signed complaint setting forth his allegations that his cell had no heat in the winter, who was responsible for this alleged constitutional violation, and what relief he seeks." Dkt. 13.

Mr. Young filed an amended complaint on August 26, 2020. Dkt. 14. The Court now screens the amended complaint and makes the following rulings.

**I. Screening Standard**

Because Mr. Young is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Amended Complaint

The complaint names six defendants: Mark Sevier, NCCF (New Castle Correctional Facility), GEO Group, Chaplain Dave, Social Security, and Wexford. The plaintiff makes the following allegations. The plaintiff's cell was "ice cold" and had no heat when it was snowing and below 33 degrees outside. He complained to the Warden, but his complaints were ignored. Chaplain Dave refuses to provide the plaintiff with a kosher diet and chips and salsa which are a religious requirement. Social Security refuses to provide the plaintiff with income despite his history of trauma, depression, and delusions. Dr. Predime refuses to give the plaintiff medication he needs. The plaintiff needs medicine "to forget" and Ritalin. Dkt. 14 at 8. He has received medication by injection, but this violates "shrea" law. *Id*. He seeks injunctive relief and monetary damages.

## III.
## Discussion of Claims

The facts alleged in the complaint go beyond the scope of the Court's August 7, 2020, instructions. This is problematic for two reasons. First, the complaint includes misjoined claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits. . . ."). Second, since filing the original complaint in this action the plaintiff

has struck out, 28 U.S.C. § 1915(g), and allowing him to pursue additional claims without the payment of the filing fee circumvents the requirements of the Prison Litigation Reform Act.

Under these circumstances, the Court will screen the claims raised in the amended complaint to alert the plaintiff to potentially viable claims that are misjoined here but could be pursued in a separate lawsuit after payment of the filing fee. However, the only claim that will proceed in this action is the Eighth Amendment conditions of confinement claim against Mark Sevier regarding the alleged lack of sufficient heat in the plaintiff's cell.

First, all claims against GEO Group and Wexford are **dismissed**. GEO Group and Wexford act under color of state law by contracting to perform a government function, i.e., running a correctional institution and providing medical services, such that they are treated as government entities for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against GEO Group or Wexford, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of GEO Group or Wexford. No such allegations are present in the complaint. For these reasons, the claims against GEO of New Castle Correctional Facility are **dismissed.**

To the extent the plaintiff raises claims about medication by injection violating his religious beliefs, he does not name a defendant responsible for the injections. He also does not name Dr. Predime as a defendant in the caption of the amended complaint and does not allege that Dr. Predime is the medical professional who injected him with medication. *See* Fed. R. Civ. P. 10(a). Furthermore, such a claim would be beyond the scope of the Court's previous screening

order and would be misjoined. Therefore, if the plaintiff wishes to pursue any medical claims, he may file a new civil complaint, although he will be required to pay the filing fee because he has struck out, as noted above.

Second, all claims against NCCF (New Castle Correctional Facility) are **dismissed** for failure to state a claim upon which relief can be granted because, as a building, it is not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Next, the plaintiff's claims against Social Security are **dismissed** for failure to state a claim. Although this Court has jurisdiction pursuant to 42 USC § 405(g) to review a decision of the Commissioner of Social Security denying an application for Social Security Disability benefits for lack of disability, the plaintiff provides no factual allegations to support such a claim. Furthermore, Social Security is not an individual suable under 42 U.S.C. § 1983.

Finally, the plaintiff's claim that Chaplain Dave denied him a kosher diet is misjoined and was raised for the first time in the amended complaint after the plaintiff struck out. Therefore, the claim against Chaplain Dave is **dismissed**. If the plaintiff wishes to pursue this claim, he may file a separate complaint and will be required to pay the filing fee.

As stated above, the only claim proceeding in this action is the plaintiff's Eighth Amendment conditions of confinement claim against Warden Mark Sevier.

## IV.
## Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Mark Sevier in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint, dkt. [14], applicable forms (Notice of Lawsuit and Request for Waiver of Service of

Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to send a courtesy copy of the service documents to Adam Forrest.

Because all claims against Chaplain Dave, Geo Group, NCCF, Social Security, and Wexford have been dismissed, the **clerk is directed** to terminate them as defendants on the docket.

The **clerk is also directed** to restrict access to the amended complaint to case participants, as it includes the plaintiff's social security number. See Fed. R. Civ. P. 5.2(a).

**IT IS SO ORDERED.**

Date: 10/15/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID YOUNG
270347
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Warden
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
NEW CASTLE, IN 47362


Courtesy Copy to:

Adam Forrest
Boston Bever Klinge Cross & Chidester
27 North Eighth Street
Richmond, IN 47374