**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DAVID YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00625-TWP-MJD |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Mark Sevier ("Warden Sevier"). Plaintiff David Young ("Mr. Young"), an Indiana prisoner, brings this 42 U.S.C. § 1983 civil rights action, alleging that Warden Sevier violated his Eighth Amendment rights by failing to maintain humane temperatures in Mr. Young's cell during the winter. Mr. Young has not responded to the Motion and the time to do so has passed. For the reasons explained in this Order, Defendant's Motion for Summary Judgment, (Dkt. 45), is **granted.**

### I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the non-moving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. A dispute about a material fact is

genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In ruling on a motion for summary judgment, the court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. Young failed to respond to the Motion for Summary Judgment. Accordingly, facts alleged in the Motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)); *see also Gupta v. Melloh*, no. 19-2723, at *7 (7th Cir. Dec. 6, 2021) (slip op.) ("Taking the facts in the light most favorable to the non-moving party does not mean that the facts must come only from the non-moving party. Sometimes the facts taken in the light most favorable to the non-moving party come from the party moving for summary judgment or from other sources.").

## II. UNDISPUTED FACTS

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Young as the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

At all times relevant to this lawsuit, Mr. Young was confined at the New Castle Correctional Facility. In December 2019 or January 2020, grievance specialist Hannah Winningham received a handwritten letter from Mr. Young alleging that his cell was too cold. In response, she reviewed the temperature logs for the previous 30 days, wrote a response on the letter, and returned it to Mr. Young. (Dkt. 47-1 at 2.) The facility temperature logs showed that the temperature in Mr. Young's area was usually warmer than 70 degrees between mid-December 2019 and mid-January 2020 and occasionally dropped into the upper-60s. (Dkt. 47-3.) On December 15, 2019, one reading showed that the temperature dipped to 51 degrees. On December 30, 2019, the temperature dropped to 56 degrees for one reading. *Id.* Warden Sevier was not aware of Mr. Young's complaints about his cell temperature until this lawsuit was filed. (Dkt. 47-2 at 2.)

## III. DISCUSSION

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate heat. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (internal quotation omitted); *Haywood v. Hathaway,* 842 F.3d 1026, 1030 (7th Cir. 2016) (Eighth Amendment was violated when inmate was confined for 60 days in a cell with a broken window and temperatures below freezing with blowers blowing and guards refusing to provide blankets or coat); *Gillis v. Litscher*, 468 F.3d 488, 490 (7th Cir. 2006) (allegations that inmate was forced to

sleep naked on concrete floor and had to walk around his cell 14 hours a day to try to stay warm were severe enough to go to trial).

To succeed on a conditions-of-confinement claim under the Eighth Amendment, a plaintiff must demonstrate that 1) he was incarcerated under conditions that posed a substantial risk of objectively serious harm, and 2) the defendant was deliberately indifferent to that risk, meaning he was aware of it but ignored it or failed "to take reasonable measures to abate it." *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014); *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (citing cases).

When addressing whether cold cell temperatures were sufficiently serious "courts should examine several factors..., such as the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (prisoner with inadequate clothing or bedding could not keep warm in cell with average temperature of forty degrees).

Here, the prison logs show that the temperature around Mr. Young's cell fell to 51 degrees on December 15, 2019, and 56 degrees on December 30, 2019. In contrast to the conditions in *Haywood* and *Gillis*, the temperatures Mr. Young experienced were not severely cold and did not last for more than 12 hours. Although there is no evidence in the record as to whether Mr. Young had alternative means to protect himself from the cold or whether the cold temperatures on these two days were aggravated by additional uncomfortable conditions, it is clear that he was not "forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter." *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). Furthermore,

there is no evidence in the record that Warden Sevier was aware of the low temperatures when they occurred.

No reasonable jury could conclude that Mr. Young was incarcerated under conditions that posed a substantial risk of objectively serious harm or that Warden Sevier was deliberately indifferent to any risk posed by the temporarily low temperatures.  *Townsend*, 759 F.3d at 687. Warden Sevier is entitled to summary judgment on Mr. Young's claim that his cell was too cold.

## IV.  CONCLUSION

For the reasons discussed above, the Defendant Mark Sevier's Motion for Summary Judgment, Dkt. [45], is **GRANTED.**  Judgment consistent with the Screening Order, (Dkt. 17), and this Order shall now issue.

**SO ORDERED.**

Date: 1/13/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Young, #270347
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana  47362

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com